Earl Leroy BLACKBURN, Appellee,

v.

Roger B. COPINGER, Warden, Maryland State Penitentiary, Appellant.

No. 13723.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1970.

Decided Feb. 20, 1970.

———◆———

Alfred J. O'Ferrall, III, Asst. Atty. Gen. of Maryland (Francis B. Burch, Atty. Gen. of Maryland, and Edward F. Borgerding, Asst. Atty. Gen., on brief), for appellant.

Larry P. Scriggins, Baltimore, Md. (court-assigned counsel), and George A. Nilson, Baltimore, Md., for appellee.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The charges upon which Earl Leroy Blackburn was tried in the Maryland state court grew out of an armed robbery which resulted in the victim's death. He was convicted of first degree murder, robbery and armed robbery, but was acquitted of an assault charge. The murder conviction, for which Blackburn was sentenced to death, was founded upon the felony-murder rule, which attaches equal liability to the actual killer and anyone participating in the robbery. The sole evidence implicating Blackburn in the crime was his confession.

After full but unsuccessful litigation in the state courts on the voluntariness of his confession,[1] Blackburn petitioned for a writ of habeas corpus in the District Court. Upon consideration of the entire record and the stipulation of facts entered into by counsel for petitioner and the state, District Judge Kaufman concluded that under the circumstances, Blackburn's confession was the product of an overborne will. Specifically, the Judge's opinion adverted to and assessed the psychological effect of (1) the long period of illegal detention during which petitioner was not fully warned of the jeopardy he was in; (2) the failure of the police to heed petitioner's repeated manifestations of a desire for an attorney; and (3) the exploitation by the police of the felony-murder situation in inducing Blackburn to implicate himself in the robbery by leading him to believe that in that way, and in only that way, could he clear himself of the murder charge that had been leveled at him.[2]

---

1. Petitioner was tried before the dates of decision in Escobedo v. Illinois, 370 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thus under the rule of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the scope of the inquiry with respect to Blackburn's confession has been limited to whether it was involuntarily given.

2. The District Judge also noted the presence of various other factors that could have had an impact on Blackburn: physical weakness and pain; lack of advice

**604**

For the reasons cogently stated by Judge Kaufman in his opinion, at 300 F.Supp. 1127 (D.Md.1969), the order granting the writ of habeas corpus is hereby

Affirmed.

with respect to constitutional rights; confrontations with the alleged co-conspirator, Mefford, and with Blackburn's wife. The Judge did not accord these factors independent significance but took them into account in surveying the totality of the circumstances.